NO. 07-07-0043-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 11, 2007
_____

IN THE INTEREST OF J.L.W.M., A CHILD
_____

FROM THE COUNTY COURT AT LAW #1 OF RANDALL COUNTY;

NO. 4234-L-1; HONORABLE JAMES W. ANDERSON, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Johnny Lewis Monk, brings this accelerated appeal of the trial court's order terminating his parental rights and appointing J.L.W.M.'s mother, Carolyn Monk, as permanent managing conservator. In two issues, Monk contends that (1) the trial court erred in failing to determine whether Monk was indigent and, therefore, entitled to appointment of counsel and (2) the trial court erred in failing to appoint counsel to represent Monk. We affirm.

The appeal of a final order rendered under Subchapter E of Chapter 263 of the Texas Family Code is governed by the rules of the Texas Supreme Court for accelerated appeals in civil cases and the procedures set forth in Family Code section 263.405. See

TEX. FAM. CODE ANN. § 263.405(a) (Vernon Supp. 2006).[1]  When a suit affecting the parent-child relationship is filed by the Texas Department of Family and Protective Services ("DFPS") and DFPS is appointed temporary managing conservator during the suit's pendency, a final order terminating the parent-child relationship is an order rendered under Subchapter E of Chapter 263.  The present case was a suit filed by DFPS seeking termination of Monk's parental rights and DFPS was appointed temporary managing conservator of J.L.W.M. during the pendency of the suit.  Therefore, the accelerated appeal of the trial court's final order in this case is governed by the procedures set forth in section 263.405.

Section 263.405 requires a party intending to appeal a final order rendered under Subchapter E to file with the trial court a statement of points upon which the party intends to appeal no later than 15 days after the final order is signed.  § 263.405(b).  The statement of points may be included within a motion for new trial or separately.  Id.  An appellant's failure to timely file a statement of points does not deprive the appellate court of jurisdiction over the appeal; rather, it is necessary to preserve a point for appellate review.  In re R.C., No. 07-06-0444-CV, 2007 Tex.App. LEXIS 3208, at *2 (Tex.App.–Amarillo April 25, 2007, no pet. h.).

While many Texas courts have questioned the practical application and constitutional validity of section 263.405, see id., at *3 n.5, all of the Texas appellate courts that have addressed the issue have agreed that the clear language of the statute prohibits

---

[1] Further references to provisions of the Texas Family Code will be by reference to "Chapter __," "section __," or "§ __."

appellate courts from considering points which were not properly preserved by the timely filing of a statement of points. See id., at *3 n.6. We agree with our sister courts that the application of this statutory requirement can have harsh results and we implore the legislature to revisit this issue, but we are obligated to apply the statute as written in cases in which it applies. See id., at *6-*9 (Quinn, C.J., concurring).

The final order in this case was signed on February 5, 2007. Monk, acting *pro se*, timely filed a Notice of Appeal on February 23, 2007. Monk also filed a Motion to Appeal Lower Court's Decision, which includes a statement of points relating to the trial court's denial of counsel to Monk, on February 26, 2007.[2] Because Monk failed to timely file his statement of points with the trial court, he did not preserve any error for appeal. Accordingly, we cannot consider the issues raised in Monk's appellate brief.

We affirm the trial court's order.

Mackey K. Hancock
Justice

---

[2] Monk filed his Motion to Appeal Lower Court's Decision with this court on February 22, 2007, two days past the section 263.405 deadline. This court forwarded this motion to the district court and it was filed there on February 26. Monk contends that application of the mailbox rule, see TEX. R. CIV. P. 5, would allow this court to deem the document timely filed. However, for the mailbox rule to apply, the document must have been sent "to the proper clerk." Id. Section 263.405(b) requires that a statement of points be filed with the trial court. Thus, the mailbox rule does not apply to this document.